# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| REBECCA BERNA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-362-JTM-PRC |
| | ) | |
| ETHAN ALLEN RETAIL, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery [DE 37], filed by Plaintiff on December 29, 2009. In the instant Motion, Plaintiff requests that the Court compel Defendant to fully respond to the Plaintiff's First Requests for Production of Documents and award Plaintiff attorney's fees and costs incurred in connection with the instant Motion.

Plaintiff filed a Complaint on August 29, 2007, and an Amended Complaint and Jury Demand on August 15, 2008, alleging that Defendant violated her rights under the Family and Medical Leave Act ("FMLA") by interfering with her rights to take leave under the FMLA, retaliating against her for requesting and taking leave, and discriminated against her on the basis of her gender, including engaging in a pattern and practice of gender discrimination against females who have children or familial responsibilities, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff also alleges a claim for promissory estoppel/detrimental reliance.

On or about July 23, 2008, Plaintiff propounded her First Requests for Production of Documents on the Defendant. In particular, Requests for Production Nos. 2, 5, 6, 7, 10, 11, and 12 through 17[1] request personnel files related to employees working in the Defendant's "Chicago

---

[1] While Plaintiff requests that the Court rule on each of the Defendant's objections raised to the Requests for Production of Documents Nos. 2 through 19, the substance of the instant Motion focuses on the information requested in Requests Nos. 2, 5, 6, 7, 10, 11, 12 through 17. Accordingly, the Court will focus on these Requests.

District," which is comprised of stores in Naperville, Algonquin, Skokie, Schaumburg, Chicago, and Oakbrook in Illinois, and Merrillville, Indiana, as well as a location in Mishawaka, Indiana. On September 5, 2008, Defendant responded to the discovery requests, raising objections to the requested information. In particular, Defendant objected to the discovery requests on the grounds that the term "personnel file" was vague, ambiguous and subject to multiple interpretations, and that the information requested in each Request for Production was overly broad, unduly burdensome, and sought information that was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, solely as to Requests for Production Nos. 5, 10, and 16, Defendant represented that it did not have any responsive documents.

On January 20, 2009, counsel for Plaintiff sent counsel for Defendant a letter advising her of Defendant's failure to respond to the discovery requests and requesting that the parties confer to amicably resolve the discovery dispute.

After the Court entered an Agreed Protective Order, Defendant produced personnel files on June 18, 2009, related to Kevin Kramer (Defendant's Regional Manager), Kevin Koch, Debbie Keilman, and Carrie Rezmar. Defendant provided FMLA records for Marissa Sweeney, Ed Bane, Jean Gehrig, and Marianne Wallington. Defendant later provided personnel files for Christine Bonnell, Regina Leuci, and Nichole Mansfield.

On August 31, 2009, counsel for Plaintiff sent an e-mail to counsel for Defendant asking for the other personnel files in an attempt to resolve the discovery dispute without Court intervention. In a September 4, 2009 e-mail, counsel for Defendant objected to producing the personnel files for the Merrillville and Mishawaka stores as being overly broad. On October 22, 2009, counsel for Plaintiff requested that counsel for Defendant supplement the discovery responses.

On November 24, 2009, counsel for Defendant sent a letter to counsel for Plaintiff advising that Defendant has produced all relevant personnel files and FMLA documentation. However, according to Plaintiff, she has yet to receive the requested personnel files.

On December 30, 2009, after the instant Motion was filed, Defendant supplemented its discovery responses by producing leave of absence records for other employees at the Merrillville and Mishawaka stores and personnel files for Edward Bane, Jean Gehrig, and Marianne Wallington.

Defendant filed its response brief to the instant Motion on January 12, 2010. Defendant argues that it has produced a majority of the information that Plaintiff seeks through the instant Motion and Defendant objects to the personnel files requested for all employees in Defendant's Merrillville and Mishawaka locations,[2] as well as personnel files for Visual Merchandisers and Project Managers under the prior supervision of Kevin Kramer for the entire Chicago District. Plaintiff filed a reply brief on January 22, 2010.

**ANALYSIS**

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." *Whitlow v. Martin*, 259 F.R.D. 349, 352 (C.D. Ill. 2009).

---

[2] While Defendant argues that Plaintiff is not entitled to personnel files of all individuals in the Merrillville and Mishawaka locations, in the instant Motion, Plaintiff seeks to compel production of the files solely as to the Merrillville location. Accordingly, the Court addresses only that request as it is properly before the Court.

3

In response to the instant Motion, Defendant argues that portions of the instant Motion should be denied, and denied as moot as Defendant has allegedly produced all responsive documents. The Court evaluates each Request in turn.

*1. Request for Production No. 2*

In Request for Production No. 2, Plaintiff requests copies of the personnel files of any employees whom Defendant provided leave of absence to because of family responsibilities or leave pursuant to the FMLA during the past three years. Defendant argues that through its June 18, 2009 disclosure, it produced leave request documents for all individuals who requested leaves of absence at the Merrillville and Mishawaka locations and the personnel file for Marissa Sweeney. Further, Defendant argues that its December 30, 2009 disclosure of the complete personnel files of Edward Bane, Jean Gehrig, and Marianne Wallington (all from the Merrillville and Mishawaka locations) constitutes a complete disclosure of the requested documents. Accordingly, Defendant requests that the instant Motion be denied as moot as to the instant Request.

In its reply brief, however, Plaintiff represents that it has yet to receive personnel files of the employees who took leave in the Chicago District locations. Plaintiff's Amended Complaint alleges that Defendant wrongfully discharged and retaliated against her for having requested and taken leave under the FMLA. "[T]he FMLA makes it unlawful for an employer to discharge or otherwise discriminate against an employee for exercising or attempting to exercise rights granted under the Act." *Chism v. Con-Way Freight, Inc.*, Cause No. 3:08-CV-387, 2009 WL 3111274, at *5 (N.D. Ind. Sept. 24, 2009). To establish an FMLA retaliation or discrimination claim, Plaintiff must show that after taking or requesting FMLA leave (the protected activity), she was treated less favorably than other similarly situated employees who did not take FMLA leave, even though she was performing her job in a satisfactory manner. *See Hull v. Stoughton Trailers, LLC.*, 445 F.3d 949,

951 (7th Cir. 2006). Through Request No. 2, Plaintiff requests information related to other employees who took a leave of absence. "Thus, what the Plaintiff seeks here by way of her Request is clearly relevant to her claims, Fed. R. Civ. P. 26(b)(1), and is therefore clearly discoverable." *Sills v. Bendix Commercial Vehicle Sys., LLC*, No. 1:04-CV-00149, 2005 WL 2777299, at *2 (N.D. Ind. March 3, 2005) (finding that a request for FMLA paperwork in a discrimination and retaliation suit under the FMLA was discoverable).

In response to the Request, Defendant contended that it was overly broad, unduly burdensome, and sought irrelevant information that was not reasonably calculated to lead to the discovery of admissible evidence. The burden "rests upon the objecting party to show why a particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). However, in its response brief, aside from arguing that the Request is now moot, Defendant fails to meet its burden of explaining how the requested information is overly broad, unduly burdensome, or irrelevant and its burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id*. Accordingly, the Court finds that the requested information in Request No. 2 is relevant to Plaintiff's FMLA claims and is discoverable. Given that Defendant has failed to produce the information related to other employees in the Chicago District, the Court finds that the instant Motion is not mooted by Defendant's subsequent disclosures. Therefore, the Court grants the instant Motion as to Request for Production No. 2.

*2. Requests for Production Nos. 6 and 7*

In Requests for Production Nos. 6 and 7, Plaintiff requests personnel files related to employees who replaced Plaintiff, or were assigned her duties, as Project Manager[3] and employees who replaced Plaintiff, or were assigned her duties, as Visual Merchandiser. Defendant contends that its June 18, 2009, and November 20, 2009, disclosures of the files for Kevin Koch, the individual who replaced Plaintiff as Visual Merchandiser, and Debbie Keilman, Marissa Sweeney, and Nichole Mansfield, the individuals who Defendant hired on September 1, 2006, to handle the Project Manager responsibilities for the Merrillville and Mishawaka locations, resulted in Defendant producing all responsive documents and the instant Motion should be denied as moot as to these Requests. In her response brief, Plaintiff does not dispute that Defendant has produced all responsive documents as to these Requests. Accordingly, the Court denies as moot the instant Motion as to Requests for Production Nos. 6 and 7.

*3. Requests for Production Nos. 5, 10, 11, 12, 14, 15, 16 and 17*

In its response brief, Defendant argues that Plaintiff's objections regarding Defendant's responses to these Requests are moot because Defendant responded to these Requests by stating that it did not have any documents responsive to these Requests. Defendant argues that since it cannot be forced to produce documents that do not exist, the instant Motion should be denied as to these Requests.

After reviewing Defendant's responses to Plaintiff's Requests, the Court notes that Defendant indicated that it does not have any responsive documents solely as to Requests Nos. 5, 10, and 16. In response to Requests Nos. 11, 12, 14, 15 and 17, Defendant provided that upon the Court's entry of a protective order, it would produce any responsive documents that it possessed.

---

[3] In its response brief, Defendant argues that Plaintiff was never replaced as a Project Manager because she did not serve in that position while she worked for Defendant and, instead, was hired as a Visual Merchandiser. However, Plaintiff alleges that she did serve in this position but was demoted to Visual Merchandiser. Nonetheless, at this stage of the proceedings, the Court need not resolve this issue.

6

Accordingly, Defendant is incorrect in representing that it previously indicated that it did not have any documents responsive to these Requests.

To the extent that Defendant now represents that it does not have any documents responsive to Requests Nos. 11, 12, 14, 15 and 17, Defendant fails to specify whether this applies to the Indiana and Chicago District locations. Defendant's disclosures until this point have focused on the Merrillville and Mishawaka locations. Defendant has failed to indicate if responsive documents exist as to the other Chicago District locations. Accordingly, the Court orders Defendant to supplement its discovery responses as to Requests for Production Nos. 11, 12, 14, 15 and 17 to indicate whether such documents exist as to the Chicago District.

If such responsive documents exist, the Court finds that Requests Nos. 11, 12, and 14 are relevant as to Plaintiff's FMLA claim and are discoverable. Defendant argues that Plaintiff is not entitled to personal files of other employees who took FMLA and/or personal leave relating to their family responsibilities as Plaintiff was informed that she was not entitled to FMLA leave and failed to return to work when instructed to do so, and, therefore, these individuals are not similarly situated to Plaintiff. At this stage of the proceedings, the scope of discovery is framed by the issues raised in the Complaint, Amended Complaint, and Answer and not by weighing the evidence and evaluating the merits of the case. Such argument is properly presented in a dispositive motion. Therefore, the Court will not limit discovery on this basis.

Further, Request No. 15 requests personnel files related to employees who complained about gender discrimination or Title VII violations during the past three years. To the extent that responsive documents exist relating to complaints of gender discrimination, the Court finds that such documents are relevant and should be produced. *See Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *3 (N.D. Ill. July 29, 2002) (granting a motion to

compel where the discovery requests were limited to complaints of the alleged discrimination at issue in the complaint). To allege a prima facie case of gender discrimination under Title VII, Plaintiff must establish that (1) she is a member of a protected class, (2) she was meeting her employer's legitimate performance expectations, (3) she suffered an adverse employment action, and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class. *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007). Defendant argues that Plaintiff did not complain about discrimination and, as a result, the files of other employees who complained about gender discrimination should not be produced because such employees are not similarly situated to Plaintiff. As the Court has already noted, the Court need not evaluate the merits of the case and determine if these individuals would be similarly situated to Plaintiff. For purposes of the instant Motion, the Court need only determine if the requested documents are discoverable. The Court finds that the requested documents related to gender discrimination are relevant to Plaintiff's gender discrimination claim and are discoverable. Nonetheless, to the extent that Plaintiff requests personnel files related to complaints concerning other Title VII violations, the Court finds this request to be over broad as it may seek complaints of other types of discrimination (e.g. discrimination on the basis of race or national origin), none of which are relevant to the issues raised in this case.

Request No. 17 requests personnel files related to employees who complained about retaliation or wrongful discharge during the past three years. Defendant argues that Plaintiff never complained about retaliation during her employment and the individuals for whom the personnel files are sought are not appropriate comparators to Plaintiff. To the extent that such documents exist, however, the Court finds that they are relevant to Plaintiff's claims of retaliation. As the Court

has already noted, whether the individuals whose personnel files are sought are similarly situated individuals is not an issue that the Court need resolve at this point in the litigation.

Accordingly, to the extent such documents exist, the Court grants the instant Motion as to Requests for Production Nos. 11, 12, 14 and 17. The Court grants the instant Motion as to Request No. 15, solely to the extent that it seeks personnel files related to complaints about gender discrimination.

*4. Request for Production No. 13*

Next, in Request No. 13, Plaintiff requests personnel files related to employees who Defendant hired during the past three years for the position of visual merchandiser or project manager in its Indiana and Chicago District locations. Defendant objects on the grounds that the requested information is overly broad, irrelevant, and not likely to lead to the discovery of admissible evidence. In particular, Defendant argues that Plaintiff cannot establish that she is similarly situated to the Project Managers in the Chicago District because the Project Manager position does not have common duties or responsibilities as her Visual Merchandiser position.

A similarly situated employee is one who is "directly comparable to [the plaintiff] in all material respects." *Bio v. Federal Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005). The specific factors that must be considered depend on the context of the case. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). The fact that two employees held different positions and performed different duties may result in a finding that those individuals are not similarly situated. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). While Defendant may be correct in asserting that the Visual Merchandiser and Project Manger positions did not share common duties or responsibilities, the parties dispute whether Plaintiff held the Project Manager position when she started working for the Defendant. In her Complaint, as well as in the EEOC

9

Charge, Plaintiff alleges that she was demoted from the Project Manger position to the Visual Merchandiser position because she could not work full-time due to her family responsibilities. While the duties of the Project Manger position might not be similar to those of the Visual Merchandiser position, Plaintiff does claim that she held the Project Manger position prior to being demoted to the Visual Merchandiser position, and the requested personnel files are relevant to whether the alleged demotion was based on a pre-textual reason other than Plaintiff's general inability to work full-time. *See Davis*, 2002 WL 1759828, at *3 (providing that "other employees' complaints of discrimination may be relevant to establish pretext."). Further, because this matter is still in the discovery stage, the Court need not determine whether the individuals are similarly situated to the Plaintiff and, in any event, the record lacks sufficient information for the Court to do so. Accordingly, the Court finds that the requested personnel files related to individuals who worked as Project Manager in the Indiana and Chicago District locations are relevant to whether Plaintiff's alleged demotion was based on a discriminatory reason.[4]

Defendant also argues that Plaintiff is not entitled to the personnel files of individuals in the Visual Merchandiser position in the Chicago District as she is not similarly situated to them because the other Visual Merchandisers worked at a different location and reported to different Project Managers, although they fell under the authority of the same Regional Manager as the Plaintiff. While the fact that two employees do not share the same supervisor may preclude a showing of similarity because "[d]ifferent employment decisions, concerning different employees, made by

---

[4] Although Plaintiff alleges in the factual allegations portion of her Complaint that she was demoted from the Project Manager position to Visual Merchandiser, in the section of her Complaint alleging a cause of action under the FMLA and Title VII, she primarily focuses on her termination. Nonetheless, in response to the instant Motion, Defendant has failed to argue that the claims related to an alleged demotion are not properly before this Court at this time. "An underdeveloped argument, or argument not raised at all, is a waived argument." *Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137-AS, 2008 WL 45357, at *2 (N.D. Ind. Jan. 2, 2008). Therefore, at this time, the Court will permit discovery on the demotion allegations.

different supervisors, are seldom sufficiently comparable to establish a prima facie case of discrimination for the simple reason that different supervisors may exercise their discretion differently[,]" *Radue*, 219 F.3d at 619, here, it appears that Kevin Kramer, the Regional Manager who decided to terminate Plaintiff, is the Regional Manager for the locations in the Chicago District. Accordingly, the parties seem to share the same supervisor, and the fact that the other individuals work at different locations would not, in itself, preclude Plaintiff from being able to show that they are similarly situated. Therefore, the Court finds that the requested information related to the Project Manager and Visual Merchandiser positions are relevant to the claims raised in Plaintiff's Complaint.

Further, the requested information is not overly broad as the discovery request is limited to personnel files of individuals who held the same positions to which Plaintiff allegedly was demoted, and terminated from, by the Defendant. The Request will lead to the discovery of admissible evidence as it will lead to the discovery of evidence regarding whether other individuals who worked as Project Managers had children or were also required to work full-time, and the job performance of, and possible disciplinary action taken against, other employees working as Visual Merchandisers–all of which is crucial to Plaintiff's claims. Further, although Defendant alleges that the Request is unduly burdensome, it fails to develop this argument. Nonetheless, it appears from the record that the discovery request would be limited to the personnel files of thirteen Project Managers and approximately the same amount for Visual Merchandisers. Accordingly, the Request does not appear to be overly broad or unduly burdensome and the Court grants the instant Motion as to Request No. 13.[5]

---

[5] In the instant Motion, Plaintiff also seeks comparator files for other employees in the Merrillville location under the direction of Plaintiff's direct supervisor. However, Plaintiff does not specify which Request for Production this information pertains to. Nonetheless, to the extent that Plaintiff generally requests these files, the Court finds that they are overly broad and may lead to the discovery of irrelevant material. Unlike Request for

11

*5. Plaintiff's Request for Attorney's Fees*

Finally, Plaintiff requests that the Court order Defendant to pay her attorney's fees and costs incurred in connection with the instant Motion.

Plaintiff filed a Verified Local Rule 37.1 Certification, as required by Local Rule 37.1, in which counsel for Plaintiff represents that she has attempted to confer with Defendant to resolve the outstanding discovery and that such good faith attempts have failed, as already discussed in detail in this Opinion and Order.

Federal Rule of Civil Procedure 37(a), in part, provides that "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). "However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation." *Id.* "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

In response to Plaintiff's request for attorney's fees and costs, Defendant argues that the request should be denied because counsel for Plaintiff alleged not receiving documents that were actually produced prior to the instant Motion being filed.

---

Production No.13, this general request for personnel files is not narrowly tailored to information relevant to the claims of this case (e.g. employees who also took FMLA leave). Accordingly, to the extent that Plaintiff generally requests personnel files for other employees in the Merrillville location, the Court denies the instant Motion.

Plaintiff seeks to compel Defendant to fully respond to Requests for Production Nos. 2, 5, 6, 7, 10, 11, and 12 through 17. As noted in this Opinion and Order, the documents requested in Requests Nos. 6 and 7 were already produced by the Defendant on June 18, 2009, and November 20, 2009–prior to the instant Motion being filed. Further, in its September 5, 2008 response to the Requests for Production of Documents, Defendant noted that it did not have any documents responsive to Requests Nos. 5, 10, and 16. Accordingly, the Court finds that Plaintiff was not justified in bringing the instant Motion as to these Requests.[6]

Nonetheless, as to Requests Nos. 11, 12, 14, 15 and 17, the Court has found that, contrary to Defendant's arguments, it previously failed to indicate that no responsive documents existed, instead raising this argument for the first time in response to the instant Motion. Also, Defendant has failed to indicate whether responsive documents exist as to the Chicago District locations. To the extent that such responsive documents exist, the Court has determined that the documents are discoverable, subject to the limitations set forth regarding Request No. 15. Additionally, Defendant has failed to explain why it waited until after the instant Motion was filed to produce leave of absence records for other employees at the Merrillville and Mishawaka stores and personnel files for Edward Bane, Jean Gehrig, and Marianne Wallington.

Further, the Court has determined that the documents requested in Request No. 13 are discoverable and Defendant's objections are primarily based on the merits of Plaintiff's case, rather than its broad objection that the Request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

---

[6] To the extent that Plaintiff seeks to compel the general disclosure of personnel files for all employees in the Merrillville location, the Court finds that Plaintiff was not justified in bringing the instant Motion.

In light of all the circumstances, the Court finds that the imposition of attorney's fees and costs in bringing the instant Motion is warranted in this matter.

**CONCLUSION**

Having reviewed the instant Motion, the Court hereby **GRANTS in part and DENIES in part** the Plaintiff's Motion to Compel Discovery [DE 37]. The Court **DENIES** the instant Motion to the extent that Plaintiff generally requests personnel files of other employees in Defendant's Merrillville location. The Court **DENIES as moot** the instant Motion to the extent that Plaintiff seeks to compel responses as to Requests for Production Nos. 5, 6, 7, 10 and 16.

The Court **GRANTS** the instant Motion to the extent that Plaintiff seeks to compel responses as to Requests for Production of Documents Nos. 2, 11, 12, 13, 14, 15, and 17, as well as the request for attorney's fees and costs. The Court **ORDERS**:

(1) Defendant is to respond and serve upon Plaintiff its response to Plaintiff's First Requests for Production of Documents No. 2, including information requested as to other employees in the Chicago District, by **February 26, 2010**;

(2) Defendant is to supplement its responses to Plaintiff's First Requests for Production of Documents Nos. 11, 12, 14, 15, and 17 to indicate whether responsive documents exist as to the Chicago District locations by **February 26, 2010**;

(3) If such documents exist, Defendant is to respond and serve upon Plaintiff its response to Plaintiff's First Requests for Production of Documents Nos. 11, 12, 14, 15, and 17 by **February 26, 2010.** Defendant's response to Request for Production No. 15 is limited solely to personnel files related to complaints about gender discrimination under Title VII;

(4) Defendant is to respond and serve upon Plaintiff its response to Plaintiff's First Requests for Production of Documents No. 13 by **February 26, 2010**.

The Court **GRANTS** Plaintiff's request for attorney's fees and costs incurred in filing the instant Motion and **ORDERS** Plaintiff to file an affidavit detailing her itemization of costs and fees related to the Motion by **February 19, 2010**.

SO ORDERED this 5th day of February, 2010.

       s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record